IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THARBORS BH MANAGEMENT SERVICES, LLC, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:15-CV-01032-TWT-JFK |
| KALYN STEPHENS and ALL OTHER OCCUPANTS, | |
| Defendants. | |

**FINAL REPORT AND RECOMMENDATION**

The above-styled case has been removed from the Magistrate Court of DeKalb County. [Doc. 1]. The court has the responsibility "to review Defendant[s'] notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that it does not and recommends remand.

**I.     Background Facts**

Plaintiff THARBORS BH Management Services, LLC, the owner of the real property commonly known as 525 Arbor Circle, Tucker, Georgia 30084, filed a

dispossessory proceeding in the Magistrate Court of DeKalb County, Georgia, against Defendant Kalyn Stephens and all other occupants for failure to pay past due rent and late fees, on March 11, 2015. [Doc. 1-1 at 22]. On April 7, 2015, Defendant Stephens filed a notice of removal from the Magistrate Court of DeKalb County, Georgia. [Doc. 1-1].

## II.   Discussion

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th

Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant bases her removal on federal question jurisdiction. [Doc. 1-1]. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) (citations omitted). Potential defenses or counterclaims involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003).

In the present case, Plaintiff THARBORS BH Management Services, LLC, relied exclusively on state law when it filed a dispossessory proceeding in the DeKalb County Magistrate Court. [Doc. 1-1 at 22]. A dispossessory action is brought pursuant to O.C.G.A. § 44-7-50. See Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010); Ikomoni v. Executive Asset Management, LLC, 309 Ga. App. 81, 84, 709 S.E.2d 282, 286 (2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant

3

to OCGA § 44-7-50 *et seq.*'") (citation omitted; emphasis added).  Defendant alleges that removal is proper on the basis of federal question jurisdiction, and, in her Petition for Removal, she claims that Plaintiff violated the United Sates Constitution and numerous federal statutes with the dispossessory proceeding.[1]  [Doc. 1-1].  However, no federal question is presented on the face of Plaintiff's well-pleaded complaint.  [Id. at 22].  There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption.  Caterpillar, 107 S. Ct. at 2430.  For these reasons, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

---

[1] Defendant does not contend that the court has jurisdiction on the basis of diversity.  Defendant would have to show that, in addition to complete diversity of citizenship between the parties, the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a)(1).  There is no evidence of complete diversity of citizenship between the parties.  [See Doc. 1-2].  And Defendant has not shown that the amount in controversy exceeds the $75,000 required for the court to have diversity jurisdiction.  The amount in controversy at the time the dispossessory action was filed was only $880.86 in past due rent, late fees and utilities plus costs of litigation, with rent accruing at a vacancy rate of $22.13/day.  [Doc. 1-1 at 22].  Defendant cannot use a counterclaim as a basis for calculating the jurisdictional amount.  Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001) (claims asserted by a defendant "are not to be considered when determining the propriety of removal and if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow") (citation and internal quotation marks omitted).

4

### III. Conclusion

Accordingly, because Defendant has failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of DeKalb County.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

**SO RECOMMENDED**, this 10th day of April, 2015.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)